# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHIRLEY E. EDGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 5:10-CV-556-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

The plaintiff, Shirley E. Edge ("Edge"), brings this action pursuant to the provisions of section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her application for a period of disability and Supplemental Security Income benefits. Edge timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The court affirms because the ALJ applied proper legal standards and showed substantial evidence for his decision.

## Standard of Review

The sole function of this court is to determine whether the Commissioner's decision denying Social Security benefits is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004). The Commissioner's factual findings are conclusive if "supported by substantial evidence," but the Commissioner's "conclusions of law, including applicable review standards, are not presumed valid." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158 (quotation omitted). This court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (quotation and alteration omitted). "Even if the evidence preponderates against the [Commissioner's] factual findings, [this court] must affirm if the decision reached is supported by substantial evidence." *Martin*, 894 F.2d at 1529.

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that she is not currently engaged in substantial

gainful activity. *Id*. § 404.1520(a)(4)(i). At step two, the claimant must show that she has a severe impairment or combination of impairments. *Id*. § 404.1520(a)(4)(ii). Third, she must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id*. § 404.1520(a)(4)(iii). Fourth, if the claimant cannot meet or equal the criteria, the claimant's residual functional capacity is assessed, and she must show that she has an impairment which prevents her from performing her past relevant work. *Id*. § 404.1520(a)(4)(iv). Fifth, once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id*. § 404.1520(a)(4)(v); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir.2004).

At step two of the sequential analysis, the claimant bears the burden of proving that she has a severe impairment or combination of impairments to demonstrate a qualifying disability. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) (holding that the regulations place "a very heavy burden" on the claimant to demonstrate a qualifying disability); *Phillips*, 357 F.3d at 1237 (noting that the second step of the analysis requires the ALJ to consider the severity of the claimant's impairments alone or in combination). Impairments, alone or in combination, are severe if they " 'significantly limit' the claimant's 'physical or mental ability to do

3

basic work skills.' " *Phillips*, 357 F.3d at 1237 (quoting 20 C.F.R. § 404.1520(c)).

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, the claimant must satisfy two parts of a three-part "pain standard," which requires evidence of an underlying medical condition, and either (A) objective medical evidence that confirms the severity of the alleged [symptom] stemming from that condition, or (B) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged [symptom]. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002). "After considering a claimant's [subjective] complaints ..., the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992).

Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless "good cause" is shown. See 20 C.F.R. § 404.1527(d)(1), (2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). The weight afforded a physician's conclusions regarding a claimant depends upon the extent to which statements are supported by clinical or laboratory findings and are consistent with other evidence of record. See 20 C.F.R §§ 404.1527(d), 416.927(d)(1); *Phillips*, 357 F.3d at 1240-41; *Crawford*, 363 F.3d at 1159-60; *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). Good cause

exists to discredit a physician's testimony when a physician's opinion is conclusory, contrary to or unsupported by the evidence of record, or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440. "[F]indings and other opinions of State agency medical and psychological consultants ... [are considered] as opinion evidence ..." of non-examining sources. 20 C.F.R. § 404.1527(f)(2)(i).

## Analysis

In this case, a review of the entire record and consideration of the parties' briefs reflects that the ALJ's finding of a single severe impairment of anxiety disorder NOS (R. 16) was supported by substantial evidence, as was the conclusion that the other impairments named by Edge were not disabling. The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir.1983). The ALJ is required, however, to state with particularity the weight he gives to different medical opinions and the reasons why. The ALJ properly explained the great weight he gave to the findings of the examining psychiatrist Dr. Dhaliwal and the limited wight he gave to the findings and opinions of another examining clinical psychologist, Dr. Whitehead, in characterizing Edge's impairment.[1]

---

[1] Indeed, the global assessment functioning ("GAF") score assigned to Edge by Whitehead was 61, one point <u>higher</u> than the GAF score assigned to her by Dr. Dhaliwal.

The record also reflects that the ALJ considered Edge's impairments in combination and did not legally err in this regard because the ALJ's analysis and ultimate determinations were properly predicated on the combined effect of Edge's impairments and symptoms. Further, the ALJ's determination was clearly articulated and supported by substantial evidence. Based on all of Edge's impairments, the ALJ's residual functional capacity determination was also supported by substantial evidence. This determination was supported by an examining psychiatrist's opinion and by the opinions of nonexamining consultants. Based on the record, this court cannot say the ALJ erred in concluding that Edge was not disabled. Further, the ALJ's decision was sufficiently supported and articulated.

Therefore, the court concludes that the ALJ's determination that Edge has the residual functional capacity to perform prior relevant work as a cashier is supported by substantial evidence. Accordingly, the Commissioner's decision is due to be affirmed.

### **Conclusion**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence. Accordingly, a separate Order will be entered contemporaneously herewith affirming

the decision of the Commissioner of the Social Security Administration.

**DONE** this 5th day of May, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge